IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONALD GLENN LORD,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    CV 110-132
                                  )
RICHMOND COUNTY JAIL, et al.,     )
                                  )
    Defendants.                   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se*, attempting to raise claims pursuant 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

In this case, the Court's review of Plaintiff's initial filing – a document styled as a series of motions – revealed that it did not qualify as a complaint, which is one of the requirements for the commencement of a civil action under Local Rule 4.1. (Doc. no. 2.) The Court therefore instructed Plaintiff to file a complaint and provided him with the standard form for civil rights complaints in this District. (Id.) Plaintiff has since filed a complaint (doc. no.

5), and it is that document that the Court will now screen.[1]

I. **BACKGROUND**

Plaintiff has named the following Defendants in his complaint: (1) Richmond County Jail ("RCJ"); (2) Ronnie Strength, Sheriff; (3) Richmond County Commissioners;[2] (4) Correctional Medical Service ("CMS"); and (5) Major Johnson.[3] (Doc. no. 5, p. 1.)

Plaintiff alleges that on September 20, 2010, he went to the Richmond County Sheriff's department to obtain a police report and was arrested on an outstanding warrant. (Doc. no. 3, p. 1.) Plaintiff further alleges that during his subsequent incarceration at RCJ he fell from a stool and injured his back. (Doc. no. 5, p. 5.) According to Plaintiff, he had problems with his neck and back predating his incarceration, and was scheduled for back surgery prior to his arrest. (Id.) Plaintiff maintains that the medical department treated his injury with cream and a hot pack, as well as x-rays taken 20 hours after the accident, which he claims was inadequate medical care. (Id.) Plaintiff also asserts that he was injured as a result of being forced to take

---

[1] In an Order issued simultaneously with this Report and Recommendation, the Court ruled on several motions, including a motion to amend (doc. no. 3), which the Court denied as moot. However, as noted in that Order, in screening Plaintiff's complaint, the Court will consider allegations set forth in Plaintiff's motion to amend that he failed to include in his later-filed complaint so as to give Plaintiff the benefit of liberally construing his pleadings.

[2] Plaintiff named Augusta Commissioners as Defendants in the caption of his initial filing. (Doc. no. 1, p. 1.) While the Court presumes this refers to the same party as the Richmond County Commissioners named in his complaint (doc. no. 5), this distinction makes no difference to the Court's analysis, since Plaintiff fails to allege any action taken by, or even mention, any body of commissioners in the body of any of the documents he has filed.

[3] While Plaintiff does not name Major Johnson as a Defendant in the caption of his complaint (doc. no. 5), he is listed as a Defendant in the caption of Plaintiff's motion to amend. Consistent with the Court's decision to consider the allegations set forth in Plaintiff's motion to amend, see supra note 2, the Court will accept this inclusion of Major Johnson in the caption of that document as sufficient to include him in the list of Defendants set forth here.

Motrin in contravention of the warning in his medical files against administering anti-inflammatory medication, which caused him to vomit blood and suffer stomach pain. (Doc. no. 3, p. 2.)

In addition, Plaintiff avers that after he attempted to alert jail officials to the pain he was in, "some officers" working at RCJ threatened him with lock down if he "rang the bell" to call for help again. (Id.) Plaintiff also alleges that a friend of his attempted to bring his medical records to RCJ, but that the nurses in the RCJ medical department would not accept them. (Id. at 6.)

Plaintiff maintains that as a result of his purportedly inadequate medical care at RCJ he suffers intermittent paralyzation from the waist down, swelling of the feet and ankles, and extreme pain. (Id. at 5.) For relief, Plaintiff seeks compensatory and punitive damages. (Id. at 7.)

## II. DISCUSSION

Liberally construing the allegations in Plaintiff's complaint and granting him the benefit of all reasonable inference to be derived from the facts alleged, the Court finds that Plaintiff has failed to state a claim against any of the Defendants. That is, while Plaintiff names Defendants in the caption of his complaint, he does not assert any allegations of wrongdoing regarding Defendants in the body of his complaint. In fact, aside from RCJ, which Plaintiff discusses as the place of his confinement, and CMS, which Plaintiff discusses as the employer of the medical staff at RCJ, Plaintiff does not mention any of the named Defendants anywhere in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."

3

LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any causal connection between Defendants' actions and any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendants. Plaintiff's complaint is subject to dismissal on this basis alone.

Furthermore, to the extent that Plaintiff seeks to hold all Defendants liable for the actions of jail and medical staff, his claims fail. First, Plaintiff does not explain how Defendant RCJ – as an entity – is capable of being sued for the events alleged in Plaintiff's complaint.[4]

---

[4] According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is be determined . . . by the law of the state where the court is located. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a jail as an entity capable of being sued. Moreover, other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to being sued under § 1983. E.g., Sebastian v. Maynard, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all.").

Second, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors[5] cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor-employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not stated that the individual Defendants actually participated in the constitutional violations alleged in the complaint.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history

---

[5]Of course, private contractors that run prison departments, like CMS, do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Nevertheless, the principle that *respondeat superior* is not a cognizable theory of liability under § 1983 holds true when the entity sued is a private contractor or corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

5

of widespread abuse[6] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not set forth any allegations suggesting that any Defendant knew about any widespread abuse or that they were responsible for a custom or policy which resulted in an alleged violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's claims should be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).